UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AMERICAN COIL TUBING CORPORATION, | § § § § § | |
| *Plaintiff*, | § | |
| vs. | § | CIVIL ACTION NO. 2:25-cv-219 |
| BERKLEY NATIONAL INSURANCE COMPANY, | § § § § | |
| *Defendant*. | § § | |

## PLAINTIFF'S COMPLAINT

Plaintiff American Coil Tubing Corporation ("ACT") hereby files this Original Complaint against its insurer, Berkley National Insurance Company ("Berkley"). ACT respectfully would show this Court the following:

### PARTIES

1. Plaintiff ACT is a Texas corporation. ACT is incorporated in the State of Texas and its principal place of business is in Corpus Christi, Texas. Therefore, ACT is a citizen of the State of Texas, as defined by 28 U.S.C. § 1332.

2. On information and belief, Defendant Berkley National Insurance Company is an insurance company organized and existing under the laws of the State of Iowa with its principal place of business in Urbandale, Iowa. Berkley is a citizen of the State of Iowa and, therefore, is a citizen of a state other than Texas, as defined by 28 U.S.C. § 1332. Berkley can be served through its agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-4284.

## JURISDICTION AND VENUE

3. This is an action for declaratory relief pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, as well as an action for breach of contract.

4. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interest, attorneys' fees, and costs as set forth below.

5. Venue is proper in this Court pursuant to 28 U.SC. § 1391, as Berkley issued an insurance policy to ACT in Corpus Christi, Texas, providing insurance coverage for oil and gas-related operations within this judicial district. Moreover, ACT has sought insurance coverage from Berkley with respect to a liability proceeding, which is styled as Case No. S-23-5761CV-B, *Valley #1 Prospect, LLC v. American Coil Tubing Corporation*, in the 156th Judicial District Court of San Patricio County, (the "Underlying Lawsuit"), involving an oil and gas operation that was located in this judicial district.

6. Declaratory relief is proper regarding the subject matter of this action because there is an actual controversy between ACT, on the one hand, and Berkley on the other hand, concerning whether Berkley owes a duty to defend ACT against the allegations asserted in the Underlying Lawsuit.

7. By the terms and provisions of 28 U.S.C. § 2201, this Court has the power to declare the obligations and duties of the parties and to grant such other relief as may be warranted.

## BACKGROUND FACTS

8. According to the allegations in the Underlying Lawsuit, in May 2022, ACT submitted a proposal to sand wash the Valley #1 Well using coil tubing. Harris Energy Group, LLC

("Harris") accepted the proposal on behalf of the working interest owners. Valley #1 Prospect, LLC is the owner of the Valley #1 Well (the "Underlying Claimant").

9. The Underlying Claimant alleges that, when performing its operations, ACT's coil tubing became stuck in the wellbore of the Valley #1 Well. The Underlying Claimant further alleges that, when ACT attempted to retrieve the coil tubing, the coil tubing parted, and despite ACT's efforts, it was unable to recover the coil tubing. Because of the stuck coil tubing in the wellbore, Harris had to abandon all operations involving the Valley #1 Well.

10. As a result of ACT's alleged failure, the Underlying Claimant contends that it incurred significant expenses in an attempt to remediate the well. In particular, the Underlying Claimant alleges damages attributable to the total loss of the Well, as well as damages associated with unsuccessful repair costs incurred in an attempt to remediate the Well. The Underlying Claimant alleges in the alternative that, if the Well is not a total loss, then ACT is liable for the cost of repairing and restoring the Well, including the removal of the coil tubing from the Well.

11. Based on the foregoing claims, the Underlying Claimant asserts causes of action for breach of warranty, negligence, breach of contract, and attorneys' fees.

12. The damages claimed in the Underlying Lawsuit exceed $1,000,000.00.

## INSURANCE INFORMATION

13. Berkley issued an Energy Commercial General Liability policy to ACT, bearing policy number EGL004657510 and effective September 3, 2021, to September 3, 2022 ("the Primary Policy"). The Primary Policy has a $1 million each occurrence limit of insurance subject to a "products-completed operations aggregate" limit of insurance of $2 million and general aggregate limit of insurance of $2 million.

## BERKLEY'S INITIAL DEFENSE AND SUBSEQUENT COVERAGE DENIAL

14. As alleged by the Underlying Claimant, ACT's mishandling of the coil tubing was an "occurrence" that caused "property damage," and as a result, the Underlying Claimant incurred costs associated with the attempted repair of damage caused by ACT, as well as damages associated with the total loss of the Well.

15. Based on those allegations, ACT sought coverage from Berkley under the terms of the Primary Policy, as well as an excess liability policy also issued by Berkley. Berkley accepted the defense of ACT under a reservation of rights and assigned an attorney to conduct the defense of ACT in the Underlying Lawsuit.

16. On April 25, 2025, the Underlying Claimant filed its First Amended Petition.

17. On May 15, 2025, ACT – by and through its defense counsel – filed its Second Amended Original Answer.

18. Thereafter, ACT and the Underlying Claimant attended a mediation in the Underlying Lawsuit, which eventually failed.

19. Shortly thereafter, on July 10, 2025, Berkley notified ACT that it was withdrawing the defense of ACT as of July 31, 2025, on the basis that there was no tangible "property damage" that was caused by an "occurrence." Berkley also identified numerous exclusions that it argued apply to ACT's coverage.

20. On July 11, 2025, Berkley sent a Supplemental Coverage Letter, which reiterated Berkley's coverage position from the day before. Although Berkley admitted that the Underlying Claimant "seemingly alleges loss of use," Berkley nonetheless declined coverage and withdrew representation.

## CAUSES OF ACTION

### A.  DECLARATORY RELIEF

21. ACT incorporates by reference the allegations in paragraphs 1. through 20. above, as if restated herein in their entirety.

22. The Primary Policy provides coverage for "the amounts that an **INSURED** becomes legally obligated to pay because of . . . **PROPERTY DAMAGE** caused by an **OCCURRENCE** to which this policy applies" in the "coverage territory" and occurring during the policy period. The Primary Policy also defines **PROPERTY DAMAGE** as "[p]hysical injury to tangible property, including the resulting loss of use of that property," or "[l]oss of use of tangible property that is not physically injured."

23. The Underlying Claimant's allegations against ACT in the Underlying Lawsuit include claims for damages because of "property damage" potentially covered by the Primary Policy. That "property damage" is the result of an "occurrence," as that term is defined in the Primary Policy.

24. When the insuring agreement is satisfied with respect to an insured, and no exclusions apply to negate coverage, as is the case here, Berkley has a duty to provide a defense to the claims asserted in the Underlying Lawsuit, and such obligation extends back to the original date of tender of such claims.

25. An actual controversy exists concerning ACT's request for coverage from Berkley under the Primary Policy. A present and practical need exists for the Court to resolve that dispute because the Underlying Lawsuit remains pending, and ACT has been left to defend itself without the benefit of the insurance coverage, including payment of defense costs and expenses, it purchased from Berkley.

26. A declaration by the Court of the rights and obligations of ACT and Berkley with respect to the terms of the Primary Policy in connection with the Underlying Lawsuit will materially advance the interest of the parties.

27. Accordingly, pursuant to 28 U.S.C. § 2201, ACT requests that the Court enter a declaratory judgment that Berkley has a duty to defend ACT in connection with the Underlying Lawsuit.

**B.    BREACH OF CONTRACT**

28. ACT incorporates by reference the allegations in paragraphs 1. through 20. above, as if restated herein in their entirety.

29. The Primary Policy constitutes a valid and enforceable contract between ACT, as the insured, and Berkley, as the insurer providing the insurance under that policy.

30. Under the terms of the Primary Policy, Berkley agreed to defend ACT for certain claims and lawsuits.

31. The Underlying Claimant's allegations against ACT in the Underlying Lawsuit include claims for damages and loss to which the Primary Policy applies.

32. Further, no exclusions or limitations in either the Primary Policy apply to bar coverage.

33. Berkley's refusal to provide a defense to ACT in connection with the Underlying Lawsuit is a material breach of the Primary Policy.

34. As a direct and proximate result of Berkley's breach of contract, ACT has suffered damages in an amount to be determined at trial, including all costs and expenses incurred by ACT related to the Underlying Lawsuit, which ACT now seeks in addition to any other relief that this Court deems appropriate.

### C.   PROMPT PAYMENT OF CLAIMS ACT

35.   ACT incorporates by reference the allegations in paragraphs 1. through 20., above, as if restated herein in their entirety.

36.   Berkley's failure to defend ACT and/or pay ACT's defense fees and expenses in connection with the Underlying Lawsuit constitutes a *per se* violation of Section 542.051 *et seq.* of the Texas Insurance Code, which is known as the Prompt Payment of Claims Act (the "PPCA"). The PPCA is a strict liability statute triggered by Berkley's conduct.

37.   ACT, therefore, in addition to its damages (*i.e.*, its defense costs incurred in connection with the Underlying Lawsuit), is entitled to penalty interest on those damages at the rate of 18% per annum, as well as attorneys' fees incurred in pursuit of its right to a defense, pursuant to Section 542.060 of the Texas Insurance Code.

### D.   ATTORNEYS' FEES UNDER THE CIVIL PRACTICE AND REMEDIES CODE

38.   ACT incorporates by reference the allegations in paragraph 1. through 20., above, as if restated herein in their entirety.

39.   ACT engaged Shidlofsky Law Firm to prosecute this lawsuit against Berkley, and ACT agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

40.   Therefore, as an alternative to the right of attorneys' fees and expenses under the PPCA, ACT prays that it be awarded all reasonable attorneys' fees and expenses incurred in prosecuting ACT's causes of action through trial and any appeal pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code.

## CONDITIONS PRECEDENT

41.   All conditions precedent to ACT's rights to recovery under the Primary Policy have occurred, have been fully performed, or have been waived by Berkley in each of those policies.

## **PRAYER**

ACT hereby prays that, upon final hearing of this matter, this Court declare that Berkley has a duty to defend ACT in connection with the Underlying Lawsuit. ACT further prays that this Court hold that, by denying the obligation to defend or otherwise failing to provide a defense, Berkley has breached the terms of the Primary Policy, and adjudge that ACT is entitled to recover all damages from and against Berkley including ACT's attorneys' fees and expenses incurred in defense of the Underlying Lawsuit, plus penalty interest on that amount at the rate of 18% per annum, and all attorneys' fees incurred in this lawsuit, costs of court, pre- and post-judgment interest, and such other and further relief, at law or in equity, to which ACT may show itself to be justly entitled.

Respectfully submitted,

*/s/ Douglas P. Skelley*
Douglas P. Skelley
*Lead Attorney to be Noticed*
State Bar No. 24056335
Federal Bar No. 903934
doug@shidlofskylaw.com
Megan Zeller
State Bar No. 24082187
Federal Bar No. 3836011
megan@shidlofskylaw.com
SHIDLOFSKY LAW FIRM PLLC
7200 N. Mopac Expy., Suite 430
Austin, Texas 78731
Phone: 512-685-1400
Fax:    866-232-8710

---- AND ----

John Flood
Texas Bar No. 07155910
Federal Bar No. 12593
john@floodtriallawyers.com
JOHN T. FLOOD, LLP
819 N. Upper Broadway
Corpus Christi, Texas 78401
Phone: 361-654-8877
Fax:    361-654-8879 Fax

**ATTORNEYS FOR PLAINTIFF AMERICAN COIL TUBING CORPORATION**